IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

QUINCY BIOSCIENCE, LLC

          Plaintiffs,       ORDER

 v.

QUALITY OTC,                 18-cv-407-wmc
SUPER SUPREME SAVINGS, and
DOES 1-5

          Defendant.

---

  Plaintiff Quincy Bioscience, LLC has filed a motion for early discovery from third party Amazon.com for the purpose of obtaining information on the issues of damages and identifying additional individuals or entities responsible for operating defendants Quality OTC and Super Supreme Savings. *See* dkt. 17. Quincy points out that it already has obtained default judgments against other defendants in this case(*see* dkt. 16), and that it intends to move for default against Quality OTC and Super Supreme Savings, but it wishes to prepare a thorough motion that establishes these defendants' sales profits and other gains derived from their unlawful and unauthorized sales of Quincy's products. *See* dkt. 17 at 2.

  This court routinely allows early discovery when the movant establishes its necessity, *see*, *e.g.,* TCYK, LLC v. Does 1-99 13-cv-300, May 15, 2013 Order, dkt. 10; part of the analysis is to run the requested third-party discovery past F.R. Civ. Pro. 45(d). *See Qatar Inv. & Projects v. John Doe*, Case No. 17-cv-553, dkt 6 at 2. Starting with necessity, most courts require a showing of good cause before allowing early discovery. *E.g. Sheridan v. Oak St. Mortg., LLC*, 244 F.R.D. 520, 521-22(E.D. Wis. 2007). Here, Quincy has met this burden: because the targeted defendants have defaulted, discovery from third parties may be the only means to obtain evidence in support of Quincy's imminent motion for a default judgment and claim for damages. *Id.; see also Twitch Interactive, Inc. v. Johnston*, 2017 WL 1133520 (N.D. Cal. 2017) at *3.

  Therefore, the court intends to grant Quincy's motion but first Quincy must specify what information it is seeking from third-party Amazon.com by submitting drafts of its proposed subpoena(s) so that the court can review them against the concerns raised in F.R. Civ. Pro. 45(d).

Quincy also floats the possibility of depositions; this will require an updated showing of good cause (and probably a response from Amazon.com) before the court will authorize discovery exceeding document production.

Accordingly, action is STAYED on plaintiff's motion pending its submission of its draft third-party subpoena(s).

Entered this 26th day of October, 2018.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge